IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
MAR 3 1 2002
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

ENTERED
APR - 1 2002

DONALD BROADNAX,

    Plaintiff,

vs.

GENEICE SMITH, WILLIE C. FINCH, PATRICIA H. PORTER, FREDRICK FREEMAN, RICHARD CARTER, and KENNETH JONES,

    Defendants.

Civil Action Number

98-C-1647-S

## MEMORANDUM OPINION ON MOTION FOR SUMMARY JUDGMENT

This is a civil action, filed pursuant to 42 U.S.C. § 1983, in which the plaintiff, Donald Broadnax, alleges that his constitutional rights were violated by officials of William E. Donaldson Correctional Facility in Bessemer, Alabama. The *pro se* complaint names as defendants Geneice Smith, Willie C. Finch, Patricia H. Porter, Fredrick Freeman, Richard Carter, and Kenneth Jones.[1] Plaintiff claims that his due process rights were violated by the Defendants in connection with a disciplinary hearing. He seeks to have expunged from his records the disciplinary action about which he complains, and he seeks monetary damages.

On February 22, 2001, the Court entered an Order for Special Report directing that copies of the complaint in this action be forwarded to each of the named defendants and requesting that they file a Special Report responding to the factual allegations of the complaint. On April 20, 2001, all of the defendants, except Patricia H. Porter, filed their Special Report

---

[1] Where necessary, the Court has corrected plaintiff's misspellings of the defendants' names.

attaching relevant documents and affidavits. By Order of May 1, 2001, the parties were notified that the Special Report on file would be construed as a motion for summary judgment, and the plaintiff was notified of the provisions and consequences of Rule 56 of the Federal Rules of Civil Procedure. Plaintiff filed a response to the defendants' motion for summary judgment on May 11, 2001

For the reasons which follow, the Court concludes that the Motion for Summary Judgment is due to be granted.

### A. SUMMARY JUDGMENT STANDARD

In considering a motion for summary judgment, the court must determine whether the moving party is entitled to judgment as a matter of law. Summary judgment may be granted only if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56. In making this assessment, the court must view the evidence in a light most favorable to the non-moving party and must draw all reasonable inferences against the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The burden of proof is upon the moving party to establish his prima facie entitlement to summary judgment by showing the absence of genuine issues of material fact. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). Once that initial burden has been carried, however, the non-moving party may not merely rest upon his pleading, but must come forward with evidence supporting each essential element of his claim. *See Celotex Corp.*, 477 U.S. 317; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Barfield v. Brierton*, 883 F.2d 923 (11th Cir. 1989). Unless the non-moving party, who carries the ultimate burden of proving his action, is able to show some

evidence with respect to each element of his claim, all other issues of fact become immaterial and the moving party is entitled to judgment as a matter of law. *See Celotex Corp.*, 477 U.S. 317; *Bennett v. Parker*, 898 F.2d 1530 (11th Cir. 1990), *cert. denied*, 498 U.S. 1103 (1991). As the Eleventh Circuit has explained:

> Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof. This rule facilitates the dismissal of factually unsupported claims prior to trial.

*Bennett*, 898 F.2d at 1532 (citation omitted).

## B. THE UNDISPUTED FACTS

Applying these standards to the evidence before the Court, the following facts appear to be undisputed or, if disputed, have been taken in a light most favorable to the plaintiff.

An April 3, 1998, a Department of Corrections Institutional Incident Report contains the following entry:

> On 4-3-98, at approximately 76:05 A.M., Officer Geneice Smith was assigned to 5 Block to assist with death row exercise in the west gym. Officer Smith observed inmates Donald Broadnax 8/Z-620 and Tommy Fortenberry W/Z-461 fighting. When Officer Smith approached inmate Broadnax and Fortenberry inmate Broadnax pushed Officer Smith which caused Officer Smith to fall down on the floor. At approximately 7:20 A.M., officer Smith reported the incident to Sgt. James Beachem. Sgt. Beachem advised Officer Smith to go to the infirmary. At approximately 7:45 A.M., Officer Smith entered the infirmary and was treated and examined by Nurse Steve Draper. At approximately 7:50 A.M., Officer Smith exited the Infirmary. See Attached Treatment Sheet. Inmate Broadnax remains in Cell 5-66. Inmate Braodnax will receive a disciplinary for Rule Violation #29, Assault on a DOC Official.

However, Plaintiff denies that he was involved in a fight with anyone on April 3, 1998.

On April 7, 1998, plaintiff was served with a disciplinary notice, charging him with Assault on a Department of Corrections ("DOC") Official. (Compl. at p.3.) In that notice, Officer Smith charged that plaintiff pushed her during the fight on April 3, 1998. A disciplinary hearing was scheduled for April 19, 1998, with Defendant Finch as chairperson. Because too much time had elapsed between the filing of the charge and the scheduled April 19 hearing, DOC regulations prevented the prison officials from prosecuting the charge. To prevent a due process violation, Finch decided to cancel the hearing and to seek to have the charge reinstated. (Finch Aff.)

Finch subsequently recommended that the charge be reinstated. Defendant Jones approved reinstatement of the charge on April 23, 1998. A hearing was held on May 1, 1998, at which Patricia H. Porter served as the hearing officer. Defendant Smith and three of plaintiff's witnesses testified at the hearing. Plaintiff was found guilty of the reinstated disciplinary charge. A recommendation was made that he be sentenced to loss of store, telephone, and visitation privileges for twenty-five days. On May 8, 1998, Jones approved the findings and recommendation of the hearing officer. Jones, in error, initially indicated on the form that he disapproved the recommendation; but, upon realizing his mistake, Jones blacked out and initialing the disapproval mark. He then signed the line indicating his approval of the recommendation.

Plaintiff later sought to have his disciplinary action set aside, on the ground that his due process rights had been violated.

## C. DISCUSSION

1.   Defendant Patricia H. Porter

By Order, entered May 1, 2001, plaintiff was advised that the Court's Order for Special Report sent to defendant Patricia H. Porter had been returned to the Court marked "Return to Sender." Plaintiff was directed to supply the Court with the correct service address for defendant Patricia H. Porter and plaintiff was notified that his failure to do so would result in the dismissal of Porter from this action. Plaintiff has not supplied the correct address to the court and Porter is no longer an employee of DOC.

Accordingly, Plaintiff's claims against Porter are therefore due to be dismissed <u>without</u> prejudice.

2.   Eleventh Amendment Immunity

Plaintiff has sued the defendants in their official capacities. As employees of the State of Alabama, defendants, in their official capacities, cannot be held liable in damages for their own acts because they enjoy Eleventh Amendment immunity. The United States Supreme Court has stated:

> [T]here can be no doubt, however, that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless Alabama has consented to the filing of such a suit. *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Ford Motor Co. v. Dept. of Treasury*, 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed.2d 389 (1945); *Worcester County Trust Co. v. Riley*, 302 U.S. 292, 58 S.Ct. 185, 82 L.Ed.2d 269 (1937). Respondents do not contend that Alabama has consented to this suit, and it appears that no consent could be given under Art. I, § 14, of the Alabama Constitution, which provides that "the State of Alabama shall

never be made a defendant in any court of law or equity."

*Alabama v. Pugh*, 438 U.S. 781 (1978); *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984). To the extent they are sued in their official capacities, the suit against the defendants is a suit against the State. The State of Alabama has not waived its immunity in this case. Therefore, Plaintiffs claims against the remaining defendants in their official capacities are due to be denied.

3.   Plaintiff's Due Process Claim Against Defendants in their Individual Capacities

Plaintiff claims that he was denied due process for two reasons. First, plaintiff claims that the disciplinary charge is untrue. Next, plaintiff complains that he did not receive a hearing on the charge, nor was the charge reinstated within ten days after being served with the original charge, as required by the DOC regulations.

The United States Supreme Court's decision in *Sandin v. Conner*, 515 U.S. 472 (1995), changed the landscape with respect to the analysis in cases such as the one at bar. The plaintiff in *Conner* was a prisoner who sued prison officials under Section 1983 alleging that he had been denied due process of law before being confined to disciplinary segregation for thirty days. The Court disagreed, concluding that segregation, as a form of punishment, was not a "dramatic departure" from the ordinary conditions of incarceration. As such, segregation did not amount to a grievous loss of a "substantive" interest protected by the Due Process Clause. Unlike the loss of good-time credits at issue in *Wolff v. McDonnell*, 418 U.S. 539 (1974), mere disciplinary segregation is the type of punishment an incarcerated individual should expect, and one that ordinarily is not a major change in his living conditions. In concluding that placement in

disciplinary segregation does not implicate due process, the Court held:

> We hold, therefore, that neither the ... prison regulation in question, nor the Due Process Clause itself, afforded [plaintiff] a protected liberty interest that would entitle him to the procedural protections set forth in *Wolff*. The regime to which he was subjected as a result of the misconduct hearing was within the range of confinement to be normally expected for one serving an indeterminate term of 30 years to life.

*Conner*, 515 U.S. at 487.

With the Court's decision in *Conner*, the prospect of disciplinary segregation alone no longer implicates the due process procedures outlined in *Wolff*. Placement in a one-man cell is not dissimilar to other forms of confinement found in the Alabama prison system, including administrative segregation, protective custody, and the frequent lockdowns of the general population. As such, disciplinary segregation is not a "dramatic departure" from the ordinary conditions of confinement nor is disciplinary segregation a "major disruption in [prisoners'] environment." *See id.* at 485-86. Thus, under the authority of *Conner*, prisoners sentenced to disciplinary segregation have no protected liberty interest requiring the due process protections outlined in *Wolff*. As such, any purported deficiency in the challenged procedure is not actionable under the Fourteenth Amendment or Section 1983.

*Conner* makes it very clear that when presented with the question of whether a prisoner has been deprived of a constitutionally protected liberty interest, the proper focus is now the <u>nature of the deprivation</u> suffered by the prisoner. Due process protections are only triggered when the deprivation amounts to an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Conner*, 515 U.S. at 487. As the First Circuit Court of Appeals has observed: "The [Supreme] Court plainly intended to eliminate the basis for federal due process claims stemming from internal transfers and status changes that do not result in

'atypical hardship,' *i.e.*, hardship beyond the norms of ordinary prison life." *Dominique v. Weld*, 73 F.3d 1156, 1160 (1st Cir. 1996).

Thus, while plaintiff's allegations may have stated a Section 1983 due process claim prior to *Conner, see, e.g. Kyle v. Hanberry*, 677 F.2d 1386 (11th Cir., 1982); *Hensley v. Wilson*, 850 F.2d 269 (6th Cir., 1988), plaintiff's allegations are no longer actionable under the due process clause. The plaintiff in this action did not lose good-time credits already earned or accrued, as did the plaintiff *in Wolff*. Rather, the plaintiff here was sentenced to the loss of store, telephone, and visitation privileges for twenty-five days. Such losses are no more a "dramatic departure" from ordinary prison conditions than placement in disciplinary confinement. *See Conner,* 5151 U.S. at 485-86; *James v. Odom*, No. CIV.A.00-0063-RV-S, 2000 WL 1136563, at * 3 (S.D. Ala. 2000) (involving forty-five day disciplinary segregation, as well as a forty-five day loss of store, visitation, and phone privileges); *Dumas v. State*, 675 So. 2d 87, 88 (Ala. Crim. App. 1995) (involving thirty-two days in segregation, along with loss of store, telephone, and visitation). Nor are plaintiff's lost privileges a " major disruption" in his prison environment. *See Conner,* 5151 U.S. at 485-86 As such, he had no liberty interest upon which to support a claim for denial of due process. The defendants are, therefore, entitled to summary judgment on the due process claim.

4.   <u>Administrative Regulation Violation</u>

Plaintiff next claims that the actions of the defendants violated regulations promulgated by the Alabama DOC. Specifically, plaintiff complains that he did not receive a hearing on the charge, nor was the charge reinstated, within ten days after being served with the original charge,

8

as required by the DOC Regulation 403.

The mere fact that agency regulations have been violated does not alone raise a constitutional issue. *United States v. Caceres*, 440 U.S. 741 (1979); *Caruth v. Pinkney*, 683 F.2d 1044 (7th Cir. 1982), *cert. denied*, 459 U.S. 1214 (1983); *Dowdy v. Johnson*, 510 F. Supp. 836, 838 (E.D. Va. 1981). Failure of state officials to fulfill their duties under state law does not give rise to a federal constitutional claim. *See* 42 U.S.C.A. § 1983; *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996); *Murray v. Mississippi Department of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990) (holding that alleged violations of a state statute did not give rise to federal constitutional claims); *Jackson v. Cain*, 864 F.2d 1235, 1251 (5th Cir. 1989); *Brown v. Texas A & M University*, 804 F.2d 327, 335 (5th Cir. 1986) (holding that a state agency's violations of its own internal regulations did not establish a due process violation or otherwise give rise to a constitutional claim); *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994) (holding that a state's failure to follow its own procedural regulations does not constitute a violation of due process if constitutional minima are met). The Court has already determined that plaintiff had no constitutional right to due process in connection with the disciplinary charge in question. Accordingly, plaintiff fails to state a claim of constitutional proportion when he alleges that the defendants did not follow DOC Regulation 403. Summary judgment for defendants is therefore appropriate.

5.  Failure to Investigate Plaintiff's Claims

Plaintiff claims that defendants Freeman and Carter failed to investigate his claims involving the disciplinary charge. This claim is frivolous and requires no further discussion.6.

Grievance Procedure Demands

As part of the relief sought in this action, plaintiff seeks to have this court "put the prisoner grievance and prisoner disciplinary appeal procedure back into the Alabama Department of Corrections." In the context of a state prison system, an inmate grievance procedure is not constitutionally required. *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986); *United States ex rel. Wolfish v. Levi*, 439 F. Supp. 114, 163 (S.D.N.Y. 1977), *aff'd sub nom*, *Wolfish v. Levi*, 573 F. 2d 118, *rev'd on other grounds*, *Bell v. Wolfish*, 441 U.S. 520; *O'Bryan v. County of Saganaw*, 437 F. Supp. 582, 601 (E.D. Mich. 1977). Therefore, plaintiff is not entitled to the relief sought.

### D. CONCLUSION

The Court expressly finds that there are no genuine issues of material fact and that defendants Smith, Finch, Freeman, Carter, and Jones are entitled to judgment as a matter of law. Accordingly, for the reasons stated above, the summary judgment motions by Smith, Finch, Freeman, Carter, and Jones are due to be granted and this action dismissed as against those defendants.

Done this 3st day of March, 2002.

Chief United States District Judge
U W Clemon